IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARION A. LOVING DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:19-CV-459-WKW-SRW |
| | ) | |
| MICHAEL STRICKLAND et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION[1]**

This matter is before the court on plaintiff's second amended complaint. *Pro se* plaintiff Marion A. Loving Davis filed this action against defendants Michael Strickland, Pamela Harris, Elizabeth Lassiter, Cedric Thomas, and Ventress Correctional Facility on July 1, 2019. Doc. 1. The court granted Davis's application for leave to proceed *in forma pauperis* and ordered the clerk to defer service of process on the defendants until further notice of the court, pending preliminary review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) to ensure that plaintiff's complaint is not "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). On October 9, 2019, the undersigned ordered plaintiff to file an amended complaint (Doc. 8),[2] and

---

[1] United States District Judge William Keith Watkins referred this matter to the undersigned Magistrate Judge to enter a ruling or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636. *See* Doc. 4.

[2] An amended order was filed on October 11, 2019 correcting the deadline for plaintiff to file an amended complaint. Doc. 9.

plaintiff did so on October 21, 2019 (Doc. 11). On March 9, 2020, the court ordered plaintiff to file a second amended complaint. Doc. 12. Plaintiff filed her second amended complaint on March 20, 2020. Doc. 13.

The court's March 2020 order instructed plaintiff to identify a federal cause of action or to allege sufficient facts to support diversity jurisdiction, to allege facts specific to each defendant for each claim, to indicate clearly which factual allegations pertained to each claim, and to allege facts which would show that plaintiff is entitled to relief. Doc. 12 at 4. The order explained that, for the court to exercise jurisdiction over plaintiff's claim(s), she must allege either (1) that she is bringing a cause of action under the Constitution, treaty, or law of the United States, or (2) that the amount in controversy exceeds $75,000 *and* there is complete diversity of citizenship between the parties. *Id.* at 2. It further explained the requirements to make out a Title VII claim for wrongful termination and a Fourteenth Amendment Due Process claim for deprivation of reputational liberty, and to allege the existence of diversity jurisdiction. *Id.* at 2-4. The order cautioned that failure to comply with those instructions may result in a recommendation that plaintiff's case be dismissed. *Id.* at 5. The court's October 2019 order had likewise outlined the requirements for plaintiff to state a federal claim under Title VII or the Fourteenth Amendment, and instructed plaintiff as to the requirements to allege diversity jurisdiction. Doc. 8 at 2-5. The October order also cautioned plaintiff that her case may be dismissed if her amended complaint failed to comply with the order. Doc. 8 at 5.

The court applies a less stringent standard to a *pro se* plaintiff's pleadings, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "once a

*pro se* [*in forma pauperis*] litigant is in court, [she] is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "Even a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so." *Giles v. Wal-Mart Dist. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (per curiam) (affirming dismissal of a *pro se* litigant's amended complaint). And the less stringent standard to which the court holds *pro se* pleadings "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal quotations omitted) (overruled in part on other grounds). Generally, the Federal Rules of Civil Procedure require the court to give plaintiffs leave to amend freely a pleading when "justice so requires." Fed. R. Civ. P. 15(a). "A district court need not, however, allow an amendment (1) where there has been . . . repeated failure to cure deficiencies by amendment previously allowed[.]" *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

While plaintiff's second amended complaint notes a small number of additional facts not alleged in plaintiff's prior pleadings, it largely repeats the same allegations. The second amended complaint does state allegations for each named defendant separately. However, the second amended complaint still fails to allege the elements of a cause of action under federal law (the Constitution or a treaty or law of the United States), and does not allege facts which would establish diversity jurisdiction (that no plaintiff is a citizen of

3

the same state as any defendant). As pleaded, the amended complaint contains insufficient factual detail to state a plausible claim to relief.

Accordingly, it is the RECOMMENDATION of the magistrate judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(b). It is further:

ORDERED that **on or before April 22, 2020**, plaintiff may file an objection to this Report and Recommendation. Any objection filed must specifically identify the findings in the magistrate judge's recommendation to which plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the recommendations of the magistrate judge shall bar a party from a *de novo* determination by the district court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon the grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 966 F.2d 1144, 1149 (11th Cir. 1993) (per curiam); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 7th day of April, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge